(13 Misc. Rep. 271.)

### KENWORTHY v. SANFORD.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

APPEAL—HARMLESS ERROR.

   A finding by the court will not be disturbed because incompetent evidence was admitted, where sufficient competent evidence to sustain the judgment had already been admitted.

Appeal from Sixth district court.

Action by Eliza A. Kenworthy against E. Starr Sanford for rent. The complaint was dismissed, and plaintiff appeals.    Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Rufus L. Scott, for appellant.

Cornelius F. Collins, for respondent.

BOOKSTAVER, J.    This action was brought to recover for the rent of the third floor of No. 347 Fifth avenue, from the middle of November, 1893, to the 1st May, 1894.    The questions presented are

of fact merely.   On behalf of the plaintiff it is contended that the letting was on the 13th November, 1893, and was unconditional; and that on that day or the day following the defendant took possession of the premises, and continued in possession until the 22d or the 23d of the month, making some alterations on the premises. On the part of the defendant it was claimed that the hiring was conditioned upon the supplying of an independent meter for the gas to be used on the floor, and also a water tank; and that these were to be done before the 22d of the month, or the lease was not to be effectual.   It is clear from the evidence that the hiring could not have been on the 13th November, because there was a difference as to the monthly rent to be paid, which was not settled until the following day.   The plaintiff then gave the defendant the key to the outer door of the house, so that he might come and go as he liked. The keys of the third floor were not delivered, and the defendant's possession was not exclusive; for, after that time, plaintiff had furniture and other property in the rooms, which was not removed.   She also commenced to make the repairs that were promised.   There is a direct conflict as to whether these repairs were a condition precedent or not, and we think the letters introduced in evidence strongly corroborate the defendant's contention.   On a careful review of the whole evidence, we are well satisfied that the conclusion reached by the justice who tried the case, and had the witnesses before him, and was better able to judge of the weight which should be given to their testimony than we can possibly be, was correct.   It is true that several leading questions were objected to by the plaintiff's counsel, and should have been excluded; also, that constructions of the contract were introduced in the questions propounded by defendant's counsel which were wholly inadmissible.   But, before such questions were allowed, there was quite sufficient evidence to sustain the defendant's contention; and we think the errors in the respects pointed out could not have affected the result.

The judgment must therefore be affirmed, with costs.